Yolanda C. GIBSON–MICHAELS,
Petitioner,

v.

FEDERAL DEPOSIT INSURANCE
CORPORATION,* Respondent.

No. 2008–3118.

United States Court of Appeals,
Federal Circuit.

April 8, 2008.

Before MAYER, LINN, and DYK,
Circuit Judges.

ON MOTION

PER CURIAM.

*ORDER*

The government responds to the court's
February 19, 2008, order and moves to
dismiss Yolanda C. Gibson–Michaels's re-
cently-docketed appeal for lack of jurisdic-
tion. Gibson–Michaels has not responded.

Gibson–Michaels filed an appeal with the
Merit Systems Protection Board concern-
ing her constructive removal from her po-
sition at the Federal Deposit Insurance
Corporation. On November 14, 2005, the
Administrative Judge (AJ) ordered the
agency to cancel her constructive removal
and reinstate her. The AJ's decision did
not address a claim of unlawful discrimina-
tion. Nevertheless, Gibson–Michaels filed

an appeal at the Equal Employment Op-
portunity Commission (EEOC). On Sep-
tember 13, 2007, the EEOC denied her
petition for review. On January 2, 2008,
more than sixty days after receipt of the
Board's final order, this court received
Gibson–Michaels' petition for review.

This court lacks jurisdiction over a peti-
tion for review of a Board decision if the
petition for review is not filed within 60
days of the date of petitioner's receipt of
the final decision. 5 U.S.C. § 7703(b)(1).
This filing period is "statutory, mandato-
ry, [and] jurisdictional." *Monzo v. Dep't
of Transportation,* 735 F.2d 1335, 1336
(Fed.Cir.1984); *see also Bowles v. Russell,*
551 U.S. ——, 127 S.Ct. 2360, 168 L.Ed.2d
96 (2007) (the timely filing of a notice of
appeal in a civil case is a jurisdictional re-
quirement that cannot be waived). Addi-
tionally, to the extent that Gibson–Mi-
chaels is seeking review of the EEOC's
decision, this court lacks jurisdiction. 28
U.S.C. § 1295.

Accordingly,

IT IS ORDERED THAT:

(1) The motion is granted. Gibson–Mi-
chaels' petition is dismissed.

(2) Each side shall bear its own costs.

* Gibson–Michaels identified the Equal Employ-
ment Opportunity Commission as the respon-
dent in her petition for review, although we
note that the agency before the Board was the
Federal Deposit Insurance Corporation.